IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERON MCCOY, JR.,

               **Plaintiff,**

     v.                                      CASE NO. 17-3014-SAC

JAMES HEIMGARTNER, et al.,

               **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

On January 20, 2017, Plaintiff, a state prisoner appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint. The Court conducted a preliminary review of the complaint, dismissed a portion of Plaintiff's claims and five defendants, and found that the proper processing of the remainder of Plaintiff's claims could not be achieved without additional information (Doc. #10). Interested Party Kansas Department of Corrections (KDOC) filed a *Martinez* report on October 3, 2017 (Doc. #15) and an amended *Martinez* report on November 13, 2017 (Doc. #24). After reviewing the *Martinez* report in conjunction with Plaintiff's complaint, the Court finds that the remainder of Plaintiff's complaint is subject to dismissal for failure to state a claim.

As fully explained in the Court's August 11 order (Doc. #10), Plaintiff's only remaining claim involved the defendants' failure to destroy the erroneously recorded calls with Plaintiff's attorney. The Court previously determined that the recording of the calls did not state a claim for a violation of Plaintiff's constitutional rights because he did not suffer actual prejudice or injury as a result of the recording, the defendants did not act deliberately in recording the calls, there is

1

no allegation Defendants actually monitored the calls, and Plaintiff had notice of the recording and an alternative way of communicating with his attorneys. *See* Doc. #10.

The Court was troubled by Defendants' apparent failure to destroy the recordings once they had notice privileged calls had been recorded. The amended *Martinez* report demonstrates that the recordings of those calls have been destroyed. *See* Doc. #24, p. 2; Doc. #24-4. While it took Defendants almost a year to effectuate the destruction, Plaintiff has not alleged any harm or prejudice resulting from the delay. The Court does note the apparent unfairness of Plaintiff having to file this lawsuit to force Defendants to do what they should have done without court intervention. However, because Mr. McCoy has not stated a claim for a violation of his rights under the Constitution or federal law as required for a § 1983 action, his complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915A(b).

Plaintiff is therefore required to show good cause why his complaint should not be dismissed. The failure to file a timely, specific response waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999). Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including December 18, 2017, in which to show good cause, in writing, why Plaintiff's complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that the Court's previous order directing Defendants to file an answer or other responsive pleading within 14 days of receipt of the amended *Martinez* report (Doc. #23) is stayed at this time.

**IT IS SO ORDERED.**

DATED: This 17th day of November, 2017, at Topeka, Kansas.

                                     **s/ Sam A. Crow**
                                     **SAM A. CROW**
                                     **U.S. Senior District Judge**