IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERON MCCOY, JR.,

        Plaintiff,

v.                      CASE NO. 17-3014-SAC

JAMES HEIMGARTNER, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend Complaint (Doc. #26), Defendant's Response in Opposition to Plaintiff's Motion to Amend (Doc. #28), and Plaintiff's Reply (Doc. #29), as well as Plaintiff's Response to the Court's Notice and Order to Show Cause (Doc. #27).

By order of August 11, 2017, the Court dismissed Plaintiff's claim that his constitutional rights were violated by the recording of certain calls to one of his attorneys. *See* Doc. #10. The Court found that the recording of the calls did not state a claim for a violation of Plaintiff's constitutional rights because he did not suffer actual prejudice or injury as a result of the recording, the defendants did not act deliberately in recording the calls, Plaintiff did not allege Defendants actually monitored the calls, and Plaintiff had notice of the recording and an alternative way of communicating with his attorneys. The Court, however, expressed concern that once Defendants were put on notice that the calls had been erroneously recorded, they did not cause the recordings to be deleted. The Court ordered a *Martinez* report on that issue.

After reviewing the *Martinez* report, the Court directed Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim upon which relief may be granted. *See* Doc. #25. The Court found that because the erroneously recorded phone calls between Plaintiff and one of his attorneys had been deleted as requested by Plaintiff and because Plaintiff had alleged no harm or prejudice as a result of the delay in deleting the calls, Plaintiff's complaint was subject to dismissal.

On the same day he filed his response to the show cause order, Plaintiff filed a motion to file an amended complaint, along with the proposed first amended complaint. In the amended complaint and his response to the show cause order, Plaintiff attempts to revive his claim that his constitutional rights were violated by the recording of the calls by altering material factual allegations he made in his original complaint. He also seeks to add two defendants: Secretary of Corrections Douglas Burris and Deputy Warden Mary Nelson. Plaintiff now claims Defendant Heimgartner ordered the recording of his calls and that the automated message informing the participants that the calls would be recorded was not played for at least four calls but then inexplicably began to be played in October, 2016. These changes are directed at two of the Court's bases for finding no constitutional violation: (1) that Defendants did not act deliberately, and (2) that Plaintiff had notice the calls were being recorded. Plaintiff still does not allege that anyone actually monitored his calls or that he suffered any actual prejudice or injury as a result of the recording or the failure to destroy the recordings.

Defendant Heimgartners' response argues Plaintiff's motion to amend should be denied based on undue delay, material prejudice to the defendant, bad faith, and futility.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(2) applies in this situation and provides: "[A] party may amend its pleading only with the

opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Refusing leave to amend is generally justified only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The matter is left to the Court's discretion.  *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

> The Tenth Circuit has noted:
>
> It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, *see Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991); *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1133 (10th Cir. 1987), especially when the party filing the motion has no adequate explanation for the delay, *Woolsey*, 934 F.2d at 1462. Furthermore, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice*, 893 F.2d at 1185.

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).  "The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (internal quotation marks omitted).  "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice*, 893 F.2d at 1185 (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)); *see Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (noting proposed amendment "was not based on new evidence unavailable at the time of the original filing").  A motion to amend is properly denied

"when it appears that the plaintiff is used Rule 15 to make the complaint 'a moving target.'" *Minter*, 451 F.3d at 1206.

Plaintiff's amended complaint now claims Defendant Heimgartner ordered the calls to be recorded. He offers no support for this conclusory allegation, and the Court does not find it credible. Plaintiff offers no explanation for why Heimgartner would order the recording of calls to only one of Plaintiff's attorneys and why only the calls to that attorney's direct dial number, when Plaintiff could easily call the main law firm number. In addition, Plaintiff does not claim this material change in his allegations is based on any "new evidence unavailable at the time of the original filing." *See Pallottino*, 31 F.3d at 1027.

Plaintiff also now claims that for four or five of the calls, the automated message notifying participants that the call was being recorded was not played, but then inexplicably began to be played in October of 2016. This is a marked departure from Plaintiff's original complaint that is also not the result of newly discovered evidence. While Plaintiff argues the Court misapprehended his factual allegations in the original complaint, he was aware of this claimed misunderstanding since the Court issued its order to show cause on August 11, 2017. Plaintiff provides no reason for waiting to request leave to amend his complaint until after the defendants insured the recordings of the calls that could have disproven his allegation were irrevocably deleted, at Plaintiff's request. This is a textbook example of prejudice. *See Minter*, 451 F.3d at 1208 ("Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment.")

Because Plaintiff's proposed amendments make the complaint a "moving target," *see Minter*, 451 F.3d at 1206, and prejudice Defendants, Plaintiff's motion for leave to file an amended complaint is denied. Further, Plaintiff has failed to show good cause why his complaint should

4

not be dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. #26) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted.

**IT IS SO ORDERED.**

DATED:  This 28th day of February, 2018, at Topeka, Kansas.

                                          **s/ Sam A. Crow**
                                          **SAM A. CROW**
                                          **U.S. Senior District Judge**